IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    04-cv-02055-MSK-OES

TYRONE W. ALLEN,
JAMES BAILEY, and
ALLEN RUSSELL,

Plaintiff(s),

vs.

DISTRICT COURT MAGISTRATE DIANA JOHNSON DUPREE, and
THE STATE OF COLORADO,

Defendant(s).

## ORDER

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  July 15, 2005

I have before me for resolution the following motions that have been filed by

defendants:

1.  Defendants' Motion to Stay Discovery and Disclosures Pending the

Determination of eleventh Amendment and Qualified Immunity;

2.  Defendants Forthwith Motion to Modify Scheduling Order; and

3.  Defendants' Motion for Protective Order Pursuant to Fed.R.Civ.P. 26(c).

### MOTION TO STAY DISCOVERY

Defendants have filed a Motion to Stay Discovery and Disclosures Pending the

Determination of Eleventh Amendment and Qualified Immunity.  They point out that

they have raised claims of absolute and qualified immunity, and they argue that they

should not be subjected to the burdens of discovery unless or until plaintiffs are able to establish that they are not entitled to either of these immunities immunity.

A parties entitlement to either absolute or qualified immunity are issues that ordinarily may be resolved as matters of law, without the need for discovery. Qualified immunity is a doctrine which "shields governmental officials performing discretionary functions from individual liability under 42 U.S.C. § 1983, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Baptiste v. J.C. Penney Co., Inc., 147 F.3d 1252, 1255 (10th Cir. 1998) (internal quotations and citations omitted). Defendants must make a "prima facie showing of the 'objective reasonableness' of the challenged conduct." Lewis, 903 F.2d at 755 (quoting Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 649 (10th Cir. 1988)). Once defendants raise a prima facie basis for the defense of qualified immunity, the plaintiffs face a "heavy" two-part burden to show that (1) the actions of the defendants violated a federal or statutory right, and (2) the right violated was "clearly established at the time of the conduct at issue." Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995); Baptiste, 147 F.3d at 1255. A right is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). If plaintiffs are unable to sustain their burden, the court will find that defendants are immune from liability.

The entitlement to qualified immunity is "an immunity from suit rather than a

mere defense to liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). A finding of qualified immunity protects a public official "both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." Workman v. Jordan, 958 F.2d 332, 335 (10th Cir. 1992).

> Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred. The question is purely legal. . . , and a court cannot avoid answering the question by framing it as factual.

Id. at 336 (internal citations omitted). Thus, because a public official may be immune from the burdens of a lawsuit, a stay upon all discovery is ordinarily entered until the issue of qualified immunity has been resolved.

Not all discovery is prohibited. In some circumstances, plaintiffs may be entitled to conduct limited discovery, but the discovery must be "narrowly tailored to uncover only those facts needed to rule on the immunity claim. . . ." Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989). In order to obtain permission from the court to conduct discovery, plaintiffs must demonstrate that "the defendant[s'] immunity claim turns at least partially on a factual question. . . ." Id. A trial judge may grant limited discovery "when the affidavits of the party opposing the motion indicate that 'the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition.'" Lewis v. City of Ft. Collins, 903 F.2d at 758 (quoting Fed.R.Civ.P. 56(f)).

Defendants have presented good grounds to warrant a stay of discovery until the legal issues of absolute and qualified immunity are resolved. For that reason, I

will grant the request to stay discovery pending final resolution by the court of those issues.

## MOTION TO MODIFY SCHEDULING ORDER

Having granted defendants' Motion to Stay Discovery, this motion to modify the scheduling order becomes unnecessary. Nevertheless, for purposes of the record, I will enter an order that vacates all dates and deadlines in the scheduling order. If after

resolution of defendants' Motion to Dismiss any claims remain, I will at that time convene another scheduling conference.

In some circumstances, plaintiffs would be entitled to conduct limited discovery for the purposes of responding to defendants Motion to Dismiss. Fed.R.Civ.P. 56(f). In the event that such a motion is filed by plaintiffs, I will consider it pursuant to the principles discussed above. Maxey v. Fulton, 890 F.2d at 282 ;Lewis v. City of Ft. Collins, 903 F.2d at 758.

## MOTION FOR PROTECTIVE ORDER

Defendants' Motion for Protective Order asks that I enter an order that would require that plaintiffs' depositions of Denver District Court Magistrates Diane Dupree and Elizabeth Leith be conducted in a place that would be convenient for me to monitor and supervise the taking of those depositions. My order staying all discovery, and my order vacating the discovery deadlines, renders this request moot, at least

unless or until plaintiffs are able to establish that their depositions are necessary in order for them to respond to the Motion to Dismiss. In the event that plaintiffs file a motion seeking their depositions pursuant to Rule 56(f), I will consider at that time the conditions that are being sought by defendants in this present motion.

## CONCLUSION

It is therefore ORDERED as follows:

1. Defendants' Motion to Stay Discovery and Disclosures Pending the Determination of eleventh Amendment and Qualified Immunity [filed July 1, 2005] is GRANTED.

2. Defendants Forthwith Motion to Modify Scheduling Order [filed June 30, 2005] is GRANTED, and all dates and deadlines contained in the Scheduling Order, except any dates established by District Judge Marcia S. Krieger, are hereby VACATED.

3. Defendants' Motion for Protective Order Pursuant to Fed.R.Civ.P. 26(c) [filed July 12, 2005] is DEEMED MOOT.

Dated at Denver this day of July 15, 2005

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
U.S. Magistrate Judge